# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**FRANO IVEZAJ,**

    Plaintiff,                              CIVIL ACTION NO. 14-cv-12286

    v.                                   DISTRICT JUDGE DAVID M. LAWSON

**DETROIT PUBLIC SCHOOLS,**        MAGISTRATE JUDGE MONA K. MAJZOUB
**KAREN RIDGEWAY, LAURI**
**WASHINGTON, and SHIRLEY**
**MOBLEY WOODS,**

    **Defendants.**

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL [37]

This matter comes before the Court on Plaintiff Frano Ivezaj's Motion for Order Compelling Defendants' [sic] to Answer Interrogatories and Produce Documents and to Comply with the Previous Court Order. (Docket no. 37.) Defendants responded to Plaintiff's Motion (docket nos. 41 and 42), and Plaintiff replied to Defendants' Response (docket no. 43). Plaintiff also submitted a Proposed Joint Statement of Unresolved Issues with regard to his Motion.[1] (Docket no. 71.) The Motion has been referred to the undersigned for consideration. (Docket no. 38.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

This case arises from Plaintiff's alleged demotion from Assistant Superintendent to a teaching-level position and the alleged disparate treatment he suffered while employed as an

---

[1] On July 6, 2015, the Court ordered the parties to submit a Joint Statement of Resolved and Unresolved Issues regarding the instant Motion to the Court by August 7, 2015. The parties failed to do so, without explanation.

Assistant Superintendent. In his Amended Complaint (docket no. 8), Plaintiff sets forth claims of discrimination pursuant to 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, and the Elliot-Larsen Civil Rights Act, as well as a breach of contract claim.[2]

On January 5, 2015, Plaintiff filed a Motion for Order Compelling Defendants to Answer Interrogatories and Produce Documents, seeking answers to two sets of interrogatories that he served on Defendants on September 26, 2014 and November 21, 2014. (Docket no. 19.) Plaintiff's First Set of Interrogatories and Notice to Produce on Defendants consisted of 53 interrogatories, many of which had several subparts and included document requests. (Docket no. 19-2.) Defendants substantively responded to 24 of the 53 interrogatories and objected to the other 29 interrogatories as exceeding the total number of interrogatories allowed under Federal Rule of Civil Procedure 33(a)(1). (Docket nos. 19-3 and 23-6.) In doing so, Defendants did not answer interrogatories 1-24 and object to interrogatories 25-53; instead, they selected which interrogatories they wanted to answer in no particular order.

On November 1, 2014, Plaintiff requested that Defendants submit corrected answers to a list of 25 previously served interrogatories by substituting the language "terminated or termination" with "contract was terminated and he was demoted to the position of elementary teacher where he worked until conditions became intolerable and he had to resign due to health reasons." (Docket no. 19-4.) Then, on November 21, 2014, Plaintiff served a Second Set of Interrogatories and Notice to Produce on Defendants. (Docket no. 19-5.) Defendants responded to Plaintiff's Second Set of Interrogatories on December 17, 2014, objecting to them all as exceeding Rule 33(a)(1)'s limitation of 25 interrogatories. (Docket no. 23-8.)

---

[2] On August 17, 2015, Judge Lawson granted Defendants' Motion for Summary Judgment on Plaintiff's claims of discrimination brought under Title VII of the Civil Rights Act of 1964 and the Elliot-Larsen Civil Rights Act. (Docket no. 73.)

At a January 21, 2015 motion hearing on this matter, the Court repeatedly explained the requirements of Federal Rule of Civil Procedure 33(a)(1) to Plaintiff's counsel and informed him that the interrogatories that he served upon Defendants did not comply with the Rule. Plaintiff's Motion was then granted in part and denied in part, and Defendants were ordered to answer Interrogatory nos. 1-25 of Plaintiff's First Set of Interrogatories substituting the terms "terminated or termination" for "demoted or demotion" where applicable, by February 11, 2015. Plaintiff's counsel was also instructed to familiarize himself with the Federal Rules of Civil Procedure, as the motion could have been avoided had he adhered to the Rules.

Subsequently, on March 4, 2015, Plaintiff filed the instant Motion to Compel asserting that Defendants have "not complied with the courts [sic] order to provide adequate discovery causing undue burden and additional costs for Plaintiff." (Docket no. 37 at 7.) In his Motion, Plaintiff seeks a court order that requires Defendants to comply with the Court's previous order and "specifies the earliest date for the Defendants to now file complete, full and accurate Answers to Interrogatories and Production Requests with all documents appended thereto." (*Id*. at 2, 7 (emphasis omitted).) Plaintiff's Motion, for the most part, mirrors his previous motion to compel; interestingly, it does not set forth any factual allegations regarding the January 21, 2015 hearing or the Court's orders issued at that hearing. Nevertheless, the Court will assume for purposes of the instant motion that the previous court order to which Plaintiff refers is the Court's January 21, 2015 Order regarding Plaintiff's first motion to compel. Thus, read in context, Plaintiff's Motion suggests that Defendants failed to submit any discovery responses to Plaintiff by February 11, 2015 in accordance with the Court's Order.

In response, Defendants contend that Plaintiff's Motion is factually and legally unsupported.[3]  (Docket no. 41 at 5.)  Defendants assert that they served Plaintiff with complete Answers to Plaintiff's First Set of Interrogatories and Notice to Produce on February 11, 2015, in accordance with the Court's January 21, 2015 Order, and they argue that Plaintiff has failed to specify any error with regard to those Answers in his Motion.  (*Id*. at 9-10.)  Indeed, only after Defendants pointed out this deficiency did Plaintiff acknowledge that he received discovery responses from Defendants.  In his Reply brief, Plaintiff sets forth a brief procedural history of this matter post-motion hearing, attaches Defendants' discovery responses thereto, and makes specific objections to Defendants' discovery responses.  (Docket no. 43; docket no. 43-1.)

Again, Plaintiff has failed to follow the procedural rules.  Local Rule 37.2 requires that "[a]ny discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a *verbatim recitation of each interrogatory, request, answer, response, and objection* which is the subject of the motion *or a copy of the actual discovery document which is the subject of the motion*."  E.D. Mich. L.R. 37.2 (emphasis added).  Plaintiff has neither included a verbatim recitation of the allegedly inadequate responses in his Motion nor has he attached the responses to his Motion.  In fact, Plaintiff's Motion does not even mention Defendants' discovery responses.  Plaintiff's attempt to set forth specific arguments with regard to Defendants' discovery responses in his Reply brief does not cure this procedural error, as it left Defendants without an adequate opportunity to respond to those arguments.  Accordingly, the Court will not overlook Plaintiff's failure to adhere to the rules of this Court and will deny Plaintiff's Motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel [37] is **DENIED.**

---

[3] Defendants also assert that Plaintiff's counsel's attempt to seek concurrence in the instant Motion was impractical and unreasonable.  (Docket no. 41 at 7-9.)  The Court declines to address this argument.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  August 31, 2015            s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon counsel of record on this date.

Dated:  August 31, 2015            s/ Lisa C. Bartlett
                                   Case Manager