UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANO IVEZAJ,

                    Plaintiff,                               Case Number 14-12286

v.                                                  Honorable David M. Lawson

DETROIT PUBLIC SCHOOLS,
KAREN RIDGEWAY, LAURI
WASHINGTON, and SHIRLEY
MOBLEY WOODS,

                    Defendants.

_____/

**MEMORANDUM ORDER ADJOURNING TRIAL,
ALLOWING DEFENDANTS LEAVE TO FILE A SECOND MOTION
FOR SUMMARY JUDGMENT, AND IMPOSING SANCTIONS**

On August 19, 2015, after the parties failed to submit timely a conforming jointly proposed draft of a final pretrial order, the Court ordered attorneys Lawrence J. Schloss and Eula J. Johnson to show cause in writing why the Court should not impose sanctions on them, and on the parties to this matter, for their violations of the rules and orders of this Court, under Federal Rule of Civil Procedure 16(f), Eastern District of Michigan Local Rule 16.2(c), and Eastern District of Michigan Local Rule 83.22(d). After the parties responded in writing to the show cause order, the Court held a hearing in open court on September 1, 2015 in an attempt to remediate the several procedural violations and put the case on track for a resolution with or without trial. The Court reserved the decisions on imposition of sanctions. The Court also ordered counsel for the parties to meet, confer, exchange documents, and cooperate in drafting a proposed joint final pretrial to be submitted to the Court by September 4, 2015. Under the applicable rules and the Court's case management order, the primary responsibility for producing the draft order lies with counsel for the plaintiff. Counsel for the plaintiff has not fulfilled his responsibility under those rules and order, and he has not

addressed adequately the deficiencies identified in the order to show cause. And the Court still does not have a conforming proposed joint final pretrial order from the parties. Based on the submissions that have been made, however, it appears that it may be appropriate to entertain a further dispositive motion by the defendants. Because the parties have not done the work they need to do in order to prepare the case for trial, and because the Court finds that further dispositive motion practice is warranted, the Court will adjourn the trial without date, permit additional motion practice, and impose sanctions, for the reasons explained below.

I.

The case management and scheduling order in this case set a deadline of August 18, 2015 for submission of the parties' proposed joint final pretrial order. The matter was scheduled for a final pretrial conference on September 1, 2015, and the jury trial is set to begin on September 15, 2015. When the parties failed to submit their proposed draft of the joint final pretrial order by the August 18 deadline, the Court ordered the parties and their attorneys to show cause why sanctions should not be imposed. The Court later scheduled a hearing on the order to show cause for September 1, 2015, the scheduled date of the final pretrial conference.

Attorneys Lawrence J. Schloss for the plaintiff and Eula J. Johnson for the defendants filed responses in writing to the show cause order. The Court attempted to begin the final pretrial conference on September 1, but it could not do so because even by then the parties had not yet submitted a proper proposed joint final pretrial order. In lieu of the final pretrial conference, the Court instead held a hearing on the order to show cause. At the end of the hearing, the Court announced from the bench that it would adjourn the proceedings on the order to show cause and defer the decision on imposing sanctions, and it directed the attorneys for the parties to retire to the

Court's jury room to meet and confer in a renewed effort to produce a conforming proposed joint final pretrial order draft.

At the end of the day, attorneys Schloss and Johnson jointly indicated that they needed more time to complete their work. The Court directed them to return the following morning, September 2 at 10:00 a.m. to continue. The parties appeared as directed and retired to a conference room. At one point during the proceedings, at the request of attorney Johnson, and due to evident difficulties that counsel were having with each other, the Court directed them to conduct their work in the courtroom, under the watch of a member of the Court's chambers staff. After some additional efforts that day, attorneys Schloss and Johnson indicated that they had substantially completed their work, and that attorney Johnson needed only to provide some additional proposed language to be incorporated into the draft. The Court directed attorney Johnson to provide the proposed language by noon on September 3, 2015, and it directed attorney Schloss to submit to the Court the completed jointly proposed draft final pretrial order by noon on September 4, 2015.

On September 4, 2015, attorney Schloss submitted to the Court a copy of what he represented was a complete and conforming proposed joint final pretrial order draft. However, the document submitted to the Court by attorney Schloss was signed by him alone; the signature of the defendants' attorney did not appear. Shortly after that submission was received, attorney Johnson sent to the Court a letter stating that the plaintiff's submission was not a jointly proposed draft, because attorney Schloss had made substantial changes to the language that the defendants had supplied for inclusion in the order, and the plaintiff's attorney had not sent the final revision of the document to the defendants' attorney for approval before sending it to the Court. Attorney Johnson included a version of the draft that included marked-up notations indicating the defendants' desired

changes. Ms. Johnson signed that draft, but Mr. Schloss had not signed it. And attorney Johnson's letter did not indicate that the marked-up draft had been approved by the attorneys for both parties; it stated only that the attached draft "identifies my corrections and notations regarding the changes Mr. Schloss unilaterally made."

As noted above, the case management and scheduling order in this case set a deadline of August 18, 2015 for submission of the parties' proposed joint final pretrial order. To date, despite the passage of 23 days since that deadline, the entry of the Court's order to show cause, and the Court's repeated efforts to supervise, assist, and direct the attorneys for the parties toward a satisfactory conclusion of their duties in preparing this case for trial, the Court has not received from either of the parties a single, complete, fully conforming, jointly proposed draft of the final pretrial order, signed by the attorneys for all parties. Although the last submission received by the Court was signed by the attorney for the plaintiff and counter-signed by the attorney for the defendants, none of the drafts that were submitted to the Court bore signatures indicating final and joint approval of the document, which the local rule requires. *See* E.D. Mich. LR 16.2(a) ("*Counsel for all parties* and any party without counsel *shall approve and sign the order*.") (emphasis added).

## II.

This conduct, unfortunately, is emblematic of the way counsel have behaved throughout this litigation. The Court previously called out both counsel for the "obstinate, unprofessional, unproductive, and rude behavior by both attorneys" at depositions. In fact, the Court found it necessary to require further depositions to be conducted with video and audio recordings. The Court also deemed it necessary to

> direct[] the attorneys for all parties in this matter henceforth to: (1) behave in the civil and professional manner befitting their station as officers of this Court; (2) treat

-4-

> each other and all parties and witnesses with whom they have cause to interact with
> courtesy and respect; (3) refrain from gratuitous personal and physical confrontations
> with each other and needless bickering over minutiae; and (4) jointly and
> consistently engage in a sincere, diligent, and productive effort to facilitate "the just,
> speedy, and inexpensive determination" of this case. Fed. R. Civ. P. 1.

Order Granting in Part Defs.' Emergency Mot. for Protective Order [dkt. #40] at 3. The pattern that

has developed, however, seems to consist of attorney Schloss's provocative conduct eliciting an

unmeasured response from Ms. Johnson, which causes the interaction between counsel to escalate

and deteriorate into unproductive acrimony. Based on the parties' conduct at the recent hearing, Mr.

Schloss appears to be the provocateur. The question for the Court is what to do about it.

Federal Rule of Civil Procedure 16 allows the Court to impose sanctions, "including those

authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney [] fails to obey a scheduling or

other pretrial order." Fed. R. Civ. P. 16(f)(1). The relevant sanctions under Rule 37 include "(ii)

prohibiting the disobedient party from supporting or opposing designated claims or defenses, or

from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv)

staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in

whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as

contempt of court the failure to obey any order except an order to submit to a physical or mental

examination." Fed. R. Civ. P. 37(b)(2)(A).

Eastern District of Michigan Local Rule 16.2 further provides that the Court may impose

sanctions if a party or his or her attorney fails to cooperate in preparing and submitting a conforming

jointly proposed draft of the final pretrial order:

> For failure to cooperate in preparing or submitting the joint final pretrial order or
> failure to comply strictly with the terms of the joint final pretrial order, the Court
> may dismiss claims, enter default judgment, refuse to permit witnesses to testify or

> to admit exhibits, assess costs and expenses, including attorney fees, or impose other appropriate sanctions.

E.D. Mich. LR 16.2(c).  The Court also "may impose discipline, except suspension or disbarment from this court, on any attorney who engages in conduct violating the Rules of Professional Conduct, these rules, the Federal Rules of Civil or Bankruptcy Procedure, or orders of the court." E.D. Mich. LR 83.22(d).

"[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements."  Although dismissal or default is an option,  the sanction of dismissal of a party's claims "is a harsh sanction which the court should order only in extreme situations showing a clear record of delay or contumacious conduct by the plaintiff."  *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, & GMC Trucks, Inc.*, 173 F.3d 988, 991-92 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)) (quotations omitted).  "[A] district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure."  *Ibid.*

The scheduling order that the Court entered in this case on September 11, 2014 set forth specific and detailed instructions that counsel for the parties were to follow in preparing and submitting a jointly proposed draft of the final pretrial order.  That order reiterated that the primary responsibility for convening a meeting to prepare the draft final pretrial order, and the duty of submitting the jointly proposed draft to the Court, rested with the attorney for the plaintiff.

At the hearing on the order to show cause, attorney Schloss admitted that he did not contact attorney Johnson to begin the work of preparing the jointly proposed draft until August 17, 2015, just one day before the deadline set by the Court.  Attorney Johnson stated that, after she received

the plaintiff's draft of the order, Mr. Schloss refused to discuss with her any changes that the defendants believed were required in the substance of the plaintiff's draft; instead, he repeatedly insisted that Ms. Johnson just provide him with "defendants' part" of the order, to be incorporated into the draft. The attorneys for the parties admitted at the hearing that they did not have any face-to-face meeting concerning the final pretrial order, despite explicit instructions in the Case Management Order to do so. They did not meet before, on, or after August 17, 2015, including up to the scheduled date of the final pretrial conference. At a hearing on the record on September 2, 2015, Ms. Johnson represented that she was frustrated by Mr. Schloss's continued insulting and unproductive comments during their discussions about the final pretrial order, and by Mr. Schloss's persistent refusal to discuss the defendants' concerns with the language of the plaintiff's draft. During the hearing on the order to show cause, and in subsequent proceedings the next day, the Court twice had to instruct Mr. Schloss to sit down and refrain from interrupting or talking while the Court was speaking. Mr. Schloss, however, insisted that he had not engaged in any unprofessional, insulting, or obstructive behavior. The Court observed otherwise.

Then, on September 10, 2015, Mr. Schloss filed a purportedly jointly proposed draft of jury instructions for the trial [dkt. #88]. The document included at the end what appeared to be the electronic signature of Ms. Johnson. Shortly thereafter, Ms. Johnson sent to the Court a letter stating that she had not consented to any joint submission of the proposed instructions, had not seen the plaintiff's submissions before it was sent to the Court, and never gave her consent for Mr. Schloss to affix her electronic signature to the purportedly "joint" draft instructions. Mr. Schloss's false representation that his opposing counsel had consented to sign the purported joint draft instructions violated the Court's electronic filing policies and procedures. *See* E.D. Mich. Elec. Filing Pol. &

Proc. R9(e)(2) ("A paper requiring the signature of more than one party shall be filed electronically by [] representing the consent of the other parties on the paper by including the name of the consenting party in a separate signature block.").  It also reflects a troubling disregard on the part of plaintiff's counsel for the duty of candor to the Court imposed on all attorneys under Federal Rule of Civil Procedure 11, as well as this Court's express directions to counsel that they were to engage in *sincere*, diligent, and productive efforts to advance this litigation.  *See* Fed. R. Civ. P. 11(b)(1) ("By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that [] it is not being presented for any improper purpose.").

The Court now finds that, despite its repeated attempts to instruct and assist counsel in completing their duties, and despite the fact that they have had numerous opportunities and ample time to correct their behavior, the attorneys for the parties have failed or refused to complete the normally routine and straightforward procedural task of simply preparing and submitting a single, complete, jointly proposed and approved draft of a final pretrial order setting forth a coherent summary of the issues that will be presented to the jury at trial.  The Court finds that the failure to complete that duty and the resulting delay in the proceedings was not due to lack of cooperation by the attorney for the defendants, and that the principal responsibility for the failure rests on the attorney for the plaintiff.  The Court finds that attorney Schloss has failed or refused to obey the specific directions set forth in the Court's scheduling order, in the order to show cause, and on the record at the hearing on the order to show cause.  The Court therefore will impose sanctions on Mr. Schloss in the amount of $1,000, under Federal Rule of Civil Procedure 16(f), Eastern District of Michigan Local Rule 16.2(c), and Local Rule 83.22(d).

-8-

The Court was presented earlier with a motion by the defendants for leave to file a second motion for summary judgment out of time.  The Court denied that motion because allowing additional time would have hampered the progress of the litigation according to the schedule in the Case Management Order.  However, after reviewing the record and the substance of the plaintiff's latest submission relating to the final pretrial order, the Court now believes that further motion practice may be the better approach to the "just, speedy, and inexpensive determination of this action."  Fed. R. Civ. P. 1.

<div align="center">III.</div>

The Court finds that sanctions against the plaintiff's attorney are warranted.  The case is not ready for trial, so the scheduled trial date of September 15, 2015 will be adjourned without date.  The parties will be permitted to file additional dispositive motions.

Accordingly, it is **ORDERED** that the final pretrial conference and jury trial are **ADJOURNED** without date.  The plaintiff's emergency motion for leave to appear by telephone at the final pretrial conference [dkt. #79] is **DISMISSED** as moot.

It is further **ORDERED** that if the defendants desire to file a second motion for summary judgment, then they must do so **on or before September 23, 2015**.

It is further **ORDERED** that attorney Lawrence J. Schloss shall pay to the Clerk of Court,

**on or before September 16, 2015**, sanctions in the amount of $1,000.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   September 10, 2015

<div style="border:1px solid">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 10, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI

</div>