UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANO IVEZAJ,

        Plaintiff,                             Case Number 14-12286

v.                                                   Honorable David M. Lawson

DETROIT PUBLIC SCHOOLS,
KAREN RIDGEWAY, LAURI
WASHINGTON, and SHIRLEY
MOBLEY WOODS,

        Defendants.
_____/

**ORDER DENYING MOTION TO VACATE ORDER IMPOSING SANCTIONS**

This matter is before the Court on the plaintiff's motion to vacate the Court's September 10, 2015 order adjourning trial and imposing sanctions on the attorney for the plaintiff. The plaintiff's attorney contends in his motion that sanctions were unwarranted because (1) the Court disregarded the difficulty that the parties faced in timely submitting their proposed joint final pretrial order on August 18, 2015, after the Court issued its decision granting the defendants' motion for summary judgment on August 17, 2015; (2) due to the proximate disposition of the defendants' dispositive motion, the deadline for submission of the final pretrial order should have been extended to a date no less than seven days after August 17, 2015; (3) the Court overlooked the persistent refusal to cooperate exhibited by the defendants' attorney when it decided to impose sanctions on plaintiff's counsel alone; and (4) the delay in the submission of the final pretrial order was harmless and did not warrant the imposition of sanctions where the Court ultimately adjourned the trial without date and allowed the defendants to file a second motion for summary judgment.

The plaintiff's attorney did not cite a specific basis in law for his motion to vacate. The Court therefore will regard the motion as one for reconsideration of its decision imposing sanctions on plaintiff's counsel. *See* E.D. Mich. LR 7.1(h).

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). "Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. LR 7.1(h)(3).

The bitter and tortured procedural history of the pretrial proceedings in this case were summarized at length in the Court's order imposing sanctions and need not be repeated here. It suffices to note that the case management and scheduling order set a deadline for the submission of a draft joint final pretrial order and the parties failed to meet that deadline, despite repeated efforts by the Court to encourage or compel them to complete the task. The Court issued an order to show cause and held a hearing, at which the attorneys for both parties appeared. After the hearing, the Court took the issue of sanctions under advisement and allowed the parties still more time to attempt to cooperate and submit a proper jointly proposed draft final pretrial order. On September 10, 2015, when the parties still had failed to submit a proper draft order despite the passage of more than three weeks from the original deadline, the Court issued its order imposing sanctions on the plaintiff's attorney for failing to cooperate in preparing the parties' pretrial submissions and for repeatedly disobeying the instructions and orders of the Court.

*First*, the plaintiff's attorney contends that the Court did not consider the difficulty that the parties faced in preparing a proposed joint final pretrial order for submission when the deadline was just one day after the Court issued its decision on the defendants' dispositive motion. The case management and scheduling order in this case set a deadline of August 18, 2015 for submission of the parties' proposed joint final pretrial order. The plaintiff's attorney correctly points out that the Court's opinion on the defendants' motion for summary judgment was not issued until August 17, 2015. However, the Court ultimately allowed the parties an additional 23 days beyond that deadline before it resorted to imposing sanctions based on the continued failure to submit a conforming order. In his present motion, the plaintiff's attorney has not offered any substantial reason to explain why the task could not be completed in that time.

*Second*, the plaintiff's attorney contends that the deadline for submission should have been extended under Eastern District of Michigan Local Rule 16.1(f), because the defendants' motion for summary judgment still was pending within seven days of the original deadline. As noted above, the Court ultimately allowed the parties more than three weeks beyond the original deadline in which to prepare their joint submission, but they still failed to complete that task.

*Third*, the plaintiff's attorney contends that the Court overlooked the role of the defendants' attorney in causing the breakdown of the proceedings. As the Court noted in its previous order imposing sanctions, based on the behavior of counsel for the parties at the hearing on the order to show cause, the Court does not find this objection credible. As the Court previously has observed, neither of the attorneys for the parties in this case appears to be entirely blameless when it comes to their continuing acrimony and inability to cooperate. However, the Court found, after observing the behavior of the attorneys at the show cause hearing, that the greater fault lies with the attorney

for the plaintiff.  Moreover, the Court found that sanctions were appropriate because "[c]ounsel for [the] plaintiff has primary responsibility for preparation of the Proposed Final Pretrial Order and, in that respect, for its submission to opposing counsel in ample time for revision and timely filing." Case Mgmt. & Sched. Order [dkt. #7] at 5; E.D. Mich. LR 16.2(a).

*Fourth*, the plaintiff's attorney contends that any delay in the proceedings caused by his behavior ultimately was harmless because the Court decided to adjourn the trial and allow further dispositive motion practice.  That argument is a *non sequitur*; the Court adjourned the proceedings *because* the parties proved themselves unable to complete a routine procedural task that was essential to the process of preparing the case for trial.  After failing or refusing to complete the task put to him, thereby causing the trial to be put off, the plaintiff's attorney now contends that his obstinance should be excused because the trial was put off.  That is nonsense.

Finally, the plaintiff's attorney does not offer anything in his present motion to either explain or excuse the most disturbing lapse of professional behavior that the Court cited in its order imposing sanctions.  As the Court previously observed, on September 10, 2015, Mr. Schloss filed a purportedly jointly-proposed draft of jury instructions for the trial [dkt. #88].  That document included at the end what appeared to be the electronic signature of Eula Johnson, the defendants' attorney.  Shortly thereafter, Ms. Johnson sent to the Court a letter stating that she had not consented to any joint submission of the proposed instructions, had not seen the plaintiff's filing before it was sent to the Court, and never gave her consent for Mr. Schloss to affix her electronic signature to the purportedly "joint" draft instructions.  The Court found that the false representation of consent by opposing counsel violated the Court's electronic filing policies and procedures.  *See* E.D. Mich. Elec. Filing Pol. & Proc. R9(e)(2) ("A paper requiring the signature of more than one party shall be

filed electronically by [] representing the consent of the other parties on the paper by including the name of the consenting party in a separate signature block."). Moreover, the Court found that the filing reflected a troubling disregard on the part of plaintiff's counsel for the duty of candor to the Court imposed on all attorneys under Federal Rule of Civil Procedure 11. *See* Fed. R. Civ. P. 11(b)(1) ("By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that [] it is not being presented for any improper purpose.").

In her response to the plaintiff's motion to vacate the order imposing sanctions, the defendants' attorney included previous correspondence to the Court in which she insisted that she did not consent to have her electronic signature attached to the jointly-proposed jury instructions, and to other pretrial filings that the plaintiff's attorney had submitted to the Court over her purported signature by consent. *See* Defs.' Resp. [dkt. #98], Ex. 5-7, Letters dated Sept. 9-11, 2015. In correspondence attached to the present motion, the plaintiff's attorney stated that, "[o]n the morning of Thursday (09/10/15) at 11:24 AM [Mr. Schloss] emailed Defendants' Attorney and again notified her that [he] had been finalizing the required trial documents and forwarding them to her in order to file them with her input included. . . . [A]fter incorporating all of Defendants['] attorney's input into these documents and emailing them to her for reivew, *not having heard back from her* and not receiving any more additions, objections, deletions nor changes from Mrs. Johnson," he then filed the various pretrial documents with the Court, which included Ms. Johnson's electronic signature affixed purportedly by her consent. Plf.'s Mot., Ex. 20, Email dated Sept. 11, 2015 at 4 (Pg ID 1967). It is difficult to derive any conclusion from that representation other than that the plaintiff's attorney deliberately submitted documents to the Court that purported to be jointly signed, knowing

full well that he had not, in fact, received any response from the defendants' attorney consenting to the attachment of her electronic signature. That conduct alone would warrant the imposition of sanctions, even in the absence of the other unprofessional and uncooperative behavior discussed above. *Bernstein v. Boies, Schiller & Flexner LLP*, 236 F. App'x 564, 569-70 (11th Cir. 2007) (sanctions warranted where plaintiff's counsel misrepresented attempts to seek concurrence on one motion and filed another motion requesting sanctions against defendant's counsel for failure to cooperate in producing a pretrial filing, despite the fact that the parties' work was ongoing and the joint submission was filed the next day); *see also In re Bagdade*, 334 F.3d 568, 570-72 (7th Cir. 2003) (sanctions of $1,000 imposed "in partial recompense of the expenses that his conduct has imposed on the judiciary" where appellant's attorney "filed a false certificate of service and failed to serve the brief on his adversary until (in response to the adversary's demands) [the court of appeals] directed him to do so.").

The plaintiff's attorney has failed to show any palpable defect in the Court's ruling imposing sanctions, and his own admissions establish that the modest sanctions imposed by the Court fully were warranted. The Court therefore will deny the motion for reconsideration.

The order imposing sanctions required plaintiff's counsel to pay $1,000 to the Clerk of Court on or before September 16, 2015. The filing of the motion for reconsideration did not stay that order, and there is no record that the sanction has been paid. The sanction payment is due forthwith.

Accordingly, it is **ORDERED** that the plaintiff's motion to vacate the order adjourning trial and imposing sanctions [dkt. #94] is **DENIED**.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
Dated: December 24, 2015               United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 24, 2015.

                                            s/Susan Pinkowski
                                            SUSAN PINKOWSKI